[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

 

No. 96-1019

SHAWN M. FLYNN,

Plaintiff, Appellant,

v.

RAYTHEON COMPANY,

Defendant, Appellee.

 

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge] 

 

Before

Cyr, Circuit Judge,

Coffin and Bownes, Senior Circuit Judges. 

 

Laurence E. Sweeney for appellant. 
Douglas T. Schwartz, with whom David C. Casey and Peckham, Lobel, 
Casey, Prince & Tye were on brief for appellee. 

 

August 19, 1996
 

Per Curiam. Plaintiff Shawn Flynn appeals from a Per Curiam 

summary judgment order dismissing his Americans With Disabilities

Act ("ADA") claim against Raytheon Company for refusing to rehire

him after he had completed his fourth inpatient treatment program

for alcoholism. Following careful review of the entire record,

we affirm the district court judgment.

Over approximately nine years, Flynn compiled an

employment record marred repeatedly by alcohol-related

absenteeism and tardiness, interspersed with numerous sanctions

and renewed opportunities to meet Raytheon's minimum job

requirements. Raytheon finally fired him for reporting to work

while under the influence of alcohol, in direct violation of its

work rules. See also 42 U.S.C. 12114(c)(1), (2), (4). After 

completing the fourth inpatient treatment program, Flynn

presented Raytheon with a progress report from his supervising

physician, proposed to submit to random alcohol testing, and

requested reinstatement. When Raytheon declined, Flynn filed the

present action. The district court ultimately granted summary

judgment for Raytheon, and Flynn appealed.

Flynn does not contend that Raytheon violated the ADA

by firing him, nor could he do so successfully. See id.  

12114(c)(4) (acknowledging that employer may "hold an employee .

. . who is an alcoholic to the same qualification standards for

employment or job performance and behavior [as it] holds other

employees, even if any unsatisfactory performance or behavior is

related to the . . . alcoholism of such employee . . . .").

2

Instead, he maintains that Raytheon's refusal to give him another 

chance, by rehiring him on the terms he proposed, including 

random alcohol testing, violated the ADA.

Flynn seems to contend that Raytheon conditionally

agreed to rehire him subject to evidence of successful

rehabilitation. He relies on a statement made by a Raytheon

representative during the union grievance proceeding that took

place following his firing and his completion of the fourth

inpatient treatment program. Flynn states that he was told "it

was too soon for [him to return to work, and if [he received] a

paycheck [he would] just . . . go out and get drunk again." At

the same time, according to Flynn, he was told that "once [he

had] proved [him]self then things could happen." (emphasis 

added). He maintains that these representations generated a

trialworthy issue as to whether Raytheon would have rehired him

if it believed he was or could be rehabilitated. 

The district court correctly concluded that Flynn did

not generate a trialworthy issue of material fact. First, the

language Flynn attributes to the Raytheon representative "once

[Flynn had] proved [him]self then things could happen."  

constituted neither a promise that "things would happen" if and 

when he proved himself, nor an evaluative assessment that Flynn

had yet proven himself, especially in the extant temporal context

described by the same Raytheon representative; viz., "it was too 

soon for [Flynn to return to work and if [he received] a paycheck

[he would] just . . . go out and get drunk again." Although

3

Flynn plainly would prefer the cart before the horse, Raytheon

acceded to no such arrangement. Even assuming the

language relied upon were subject to the interpretation urged by

Flynn, however, it would not give rise to an ADA claim. Flynn's

contention confuses a conditional promise to consider a future 

request to rehire with a putative ADA-based obligation to rehire 

at present. The ADA does not require an employer to rehire a 

former employee who was lawfully discharged for repeated

disability-related failures to meet its legitimate job

requirements; viz., punctuality and sobriety. See 42 U.S.C.  

12114(c); see also Siefken v. Village of Arlington Heights, 65 

F.3d 664, 666 (7th Cir. 1995) ("A second chance . . . is not an

accommodation, as envisioned in the ADA.") (internal quotation

marks omitted) (rejecting ADA claim by employee who failed to

monitor his diabetes despite employer's legitimate expectation

that he would do so). As the Seventh Circuit explained in

Siefken, since the discharged employee was not asking for any 

"accommodation" within the contemplation of the ADA, but simply

"another chance to allow him to change his monitoring 

technique[,]" the ADA did not require the employer to afford him

another chance. Id. at 666-67.  

Finally, Flynn cites no authority for the claim that

the ADA entitles him to a "second chance" to meet Raytheon's

legitimate work requirements, see id., nor for claiming, if 

indeed he does, that a conditional promise to reconsider based on

a future rehiring request gave rise to an actionable ADA-based

4

claim, cf. Myers v. Hose, 50 F.3d 278, 283 (4th Cir. 1995) 

("qualified individual with a disability" requirement under ADA

does not refer to "an individual's future ability to perform the 

essential functions of his position," only to his present ability 

to do so). Accordingly, even assuming the statements attributed

to Raytheon were made, as we must at summary judgment, McCabe v. 

Life-Line Ambulance Serv., Inc., 77 F.3d 540, 544 (1st Cir. 

1996), petition for cert. filed, 64 U.S.L.W. 3808 (U.S. May 29, 

1996) (No. 95-1929), Flynn has not demonstrated a colorable ADA-

based right to rehiring. See Siefken, 65 F.3d at 666-67. 

The district court judgment is affirmed. The district court judgment is affirmed 

5